## Zeloyle v. Bettor, Appellant.

Argued September 29, 1952. Before STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Fred B. Trescher* and *D. J. Snyder, Jr.*, with them *Vincent R. Smith, P. K. Jones* and *Kunkle & Trescher*, for appellant.

*Paul K. McCormick*, with him *H. Reginald Belden* and *Richard E. McCormick*, for appellee.

OPINION BY MR. JUSTICE JONES, November 10, 1952:

This is a quo warranto proceeding to determine the right to the office of chief of police of the City of New

Kensington as between the plaintiff and the defendant. On motion for judgment on the pleadings, the court below, sitting en banc, entered a judgment declaring Bettor, the defendant, to be unlawfully occupying the office and that Zeloyle, the plaintiff, is the "lawful, duly appointed and qualified chief of police of said City." The defendant appealed.

The material facts are not in dispute. On April 18, 1950, the council of New Kensington (a third class city), acting pursuant to authority conferred by The Third Class City Law of June 23, 1931, P. L. 932, Art. XX, Sec. 2002, 53 PS §12198-2002, chose Bettor, the defendant, from among the members of the city's police force and designated him chief of police. On March 19, 1952, the mayor of the city designated Zeloyle, who also was a member of the city's police force, as chief of police and demoted Bettor to his former rank of patrolman. As authority for his action, the mayor relied on The Third Class City Code of June 28, 1951, P. L. 662, Art. XX, Sec. 2002, 53 PS §12198-2002. On the same day as the mayor's appointment of Zeloyle, the council, challenging the mayor's power to demote Bettor, issued a statement declaring that "John Bettor shall remain as Chief of Police of the City of New Kensington and all police officers are to accept his orders." Two days later, to wit, March 21st, Zeloyle filed his complaint in quo warranto in this proceeding.

The court below held that, inasmuch as The Third Class City Code of 1951 expressly conferred on the mayor the power to designate the chief of police from among the members of the police force, it likewise included, as a concomitant of the appointive power, the power to demote an existing chief of police even though he had originally been appointed by council acting under the authority conferred by the Act of 1931. The court further held that the fact that the power to de-.

mote, inhering in the mayor as the appointive power under the Act of 1951, extended to the demotion of a chief of police, not originally designated by him, did not cause the Act of 1951 to impinge on the State Constitution.

It should be noted at the outset that this court has held in *Petrillo v. City of Farrell*, 345 Pa. 518, 523-524, 29 A. 2d 84, that, under The Third Class City Law of 1931 a "demotion" is not the same thing as a "removal" although, as a matter of statutory construction necessary to resolving an ambiguity in the First Class City Act of 1919, it had been held that, for the purpose of that Act, the two words mean the same thing: see *Simmler v. Philadelphia*, 329 Pa. 197, 198 A. 1.

Section 2002 of The Third Class City Law of 1931 provided that "The council may designate, from the force, the chief and other officers who shall serve as such officers until their successors are appointed and qualified." In the *Petrillo* case, supra, the question involved was whether the council had the power to demote one whom it had designated under the foregoing authority. This court there said (p. 520),—"We are of the opinion that the council of a city of the third class may choose from the legally appointed members of the police force of such city a chief and captains without further examination by the civil service board and that such appointing power may demote such appointee to a lower rank without a hearing provided such person so demoted is continued as a member of the police force." By Section 2002 of The Third Class City Code of 1951 the power to designate chiefs and other officers for the police force was transferred from the council to the mayor so that, as the law now stands, it is the mayor who ". . . shall designate, from the force, the chief and other officers who shall serve as such officers until their successors are appointed and

qualified." Since the power to demote formerly inhered in the council by virtue of its power to designate under the law of 1931 (*Petrillo* case, supra), by like token, the power to demote now inheres in the mayor by virtue of his power to designate under the Code of 1951.

The mayor's power to demote necessarily extends to an officer who was designated by the council in the exercise of its former power under the prior law. All that was done by the Code of 1951, in presently material regard, was the naming of a new repository of the power, the scope of which remains the same. To argue that, since the mayor was not the authority which originally designated the chief, the mayor therefore lacks power to demote him, would effectively stifle the mayor's efficient exercise of his unquestioned power to appoint. Council's power to appoint being gone, its power to demote is likewise extinct. Were we to hold, as the appellant urges, that council alone now has the power to demote a chief of police originally designated by it, we would thereby thwart the administrative purpose which the legislature endeavored to promote when it transferred from the council to the mayor the power to designate police officers. Actually, the appellant would have us, by statutory interpretation, rivet upon all third class cities their councils' former appointees for the balance of their lives. A construction that would produce such a hampering and unreasonable result is not to be adopted: see Statutory Construction Act of 1937, Sec. 52(1), 46 PS §552(1).

The appellant's contention that the demotion of the chief without a hearing violated his civil service rights is equally untenable. Such rights attach to him only in his position as policeman and not as an officer of police. The question was squarely ruled in the *Petrillo* case, supra, where Mr. Justice PARKER, speaking for

this court, said, "The civil service status which Petrillo acquired was merely that of a member of the police force and not that of a captain"; and, further, "Petrillo was not removed or transferred from any position that he acquired by virtue of the civil service law, but was demoted by order of council [here, the mayor], the appointing power." Bettor, the present defendant, did nothing to become police chief; he took no civil service examination for that office; he was passive until designated by the city council. Nor did the mayor remove him from his position as policeman to which his civil service rights attach. He merely deprived him of his designation as chief of police.

In no event could the regulations promulgated by the city's civil service board have affected the power to designate (and demote) police force officers, which power was first reposed in the council and later in the mayor. In 1934 the City of New Kensington created its civil service board and in 1937 the board adopted regulations covering the personnel of the police and fire departments. Among such regulations was one that no city employee, subject to civil service, could be reduced in rank except upon a hearing by city council. At that time, council possessed the power under the Act of 1931 to designate (and likewise to demote) the chief of police. No resolution passed or regulation adopted by council's creature (i.e., the civil service board) could control or restrict the manner in which council or any legislatively substituted repository would exercise its statutorily conferred powers. It has long been the law that municipal ordinances are invalid insofar as they conflict with Acts of the legislature or insofar as they can fairly be regarded as having been supplanted by statute: *Kline v. Harrisburg,* 362 Pa. 438, 68 A. 2d 182; *Bussone v. Blatchford,* 164 Pa. Superior Ct. 545, 67 A. 2d 587. See, also, *Sposito v.*

*City of Farrell,* 34 Westmoreland Law Journal 221, where, in a well-reasoned opinion, it was held that an ordinance of city council which interfered with the power over the police granted the mayor by The Third Class City Code of 1951 was void.

There is no merit in the appellant's remaining contention that the investiture of the mayor with power to demote a police chief or other officer who was originally designated by council under its former power renders Section 2002 of the Code of 1951 violative of Article VI, Section 4, of the State Constitution which provides that appointed officers ". . . may be removed at the pleasure of the power by which they shall have been appointed . . . ." The appellant argues from this provision that only the council which designated him as chief of police can remove him. We have already seen that there has been no attempt to remove the defendant from the only legislatively protected office he holds, viz., member of the police force. Nor is he being demoted by any power other than the appointing power, now vested in the mayor. But, beyond that, it has been expressly held that a policeman is not within the constitutional protection of Article VI, Section 4: see *Commonwealth v. Black,* 201 Pa. 433, 436, 50 A. 1008. Cf. also *Glessner's Case,* 289 Pa. 86, 89, 137 A. 166; *Ruch v. Wilhelm,* 352 Pa. 586, 588-589, 43 A. 2d 894.

The appellant also raises in this court, apparently for the first time, a contention that his tenure as chief of police is protected by Article III, Section 13, of the Constitution which provides that "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment." Apart from what we have already said about a policeman not being a "public officer" within the meaning of Article VI, Section 4, of the Constitution, certain it is that the appellant does not come within the

definition of one entitled to the protection of Article III, Section 13: see *Commonwealth v. Moore,* 266 Pa. 100, 101, 109 A. 611, which was a per curiam affirmance of an opinion by the Superior Court. The defendant was not appointed chief of police for a definite term nor for a stipulated consideration for the term: see *Appeal of Harry W. Bowman,* 111 Pa. Superior Ct. 383, 386, 170 A. 717.

Judgment affirmed.