George *v.* Moore, Appellant.

Argued September 30, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*John R. Reap, Jr.,* with him *Reap & Reap,* for appellants.

*Edward E. Hosey* and *William S. Livingood, Jr.,*
with them *Joseph M. Reardon,* for appellees.

OPINION BY MR. JUSTICE COHEN, January 5, 1959:

Prior to 1941 police employed by all boroughs had
no civil service or job tenure rights and were subject
to peremptory removal by borough council. The Police
Civil Service Act[1] changed this for boroughs employ-
ing three or more policemen. By that act police em-
ployed by boroughs were granted job tenure rights
which prohibited their dismissal, except for causes
stated in the statute and in compliance with the pro-
cedures outlined therein. All the provisions of the
Act of 1941 have been re-enacted as a part of The
Borough Code.[2] The re-enactment still applied only
to boroughs having police forces of three or more mem-
bers. In 1951 the legislature passed a Police Tenure
Act[3] which extended dismissal procedures of the Act
of 1941 to police forces of less than three members.

In 1957 the legislature amended The Borough Code[4]
so that the section pertaining to the "powers of council"
read as follows: "The council of the borough shall have
power: 1. To create, by motion, ordinance or resolu-
tion, and appoint a treasurer, a secretary, a solicitor,
an engineer, a street commissioner and such other
officers as it deems necessary. All officers and em-
ployes appointed by the council, with the exception of
those who under the provisions of this or any other
act are under civil service or have a definite term of
office, . . ."

Acting under the claimed power given by the Act
of 1957, Avoca Borough Council dismissed the chief

---

[1] Act of June 5, 1941, P.L. 84, 53 P.S. §53251.

[2] Act of July 10, 1947, P.L. 1621, 53 P.S. §46165-46190.

[3] Act of June 15, 1951, P.L. 586, 53 P.S. §811-815.

[4] Act of June 20, 1957, P.L. 351, 53 P.S. §46005.

of police and a patrolman without following the procedure of the Act of 1951. Thereafter, both officers brought separate actions in mandamus seeking reinstatement. The court *en banc* sustained the police officer plaintiffs' motion for judgment on the pleading and ordered the defendant borough to reinstate the plaintiffs. From those orders this consolidated appeal was taken.

We must now decide whether the Act of 1951, which provides removal procedures to be followed by boroughs having police forces of less than three members, was repealed since the Act of 1957 exempts from peremptory dismissal only borough officers who were "under civil service or have a definite term of office, . . ."

Since the Act of 1957 contains no expressed repeal of the Act of 1951, we must determine whether there is a repeal by implication. That question is exclusively one of legislative intent. "Repeals by implication are not favored and will not be implied unless there be an irreconcilable conflict between statutes embracing the same subject matter." *Kelly v. Philadelphia,* 382 Pa. 459, 471, 115 A. 2d 238 (1955). We do not find such an irreconcilable conflict between the two statutes. The Act of 1951 granted job employment security to police officers in boroughs having a police force of less than three members. A reading of the Act of 1951, §§2, 3, 4 and 5 clearly demonstrates that the legislature re-enacted almost verbatim the same statutory removal procedure found in the Civil Service Act of 1941, §§20, 21. It is evident that the legislature intended to establish civil service removal procedures for all police officers regardless of the size of the police force or the political classification of the municipality.

There is nothing in the Act of 1957 indicating that the civil service removal features of the Act of 1951

are to be abandoned or disregarded because the Act of 1951 does not provide for a civil service method covering the original appointment to the police force. The legislature is presumed to intend to achieve a consistent body of law. 1 Sutherland, Statutory Construction §2012 (3d ed. 1943). Consistency in police removal methods is obtained by a uniform civil service procedure of removal which would not be attained were the Act of 1951 repealed. Hence, since the Act of 1951 contains civil service procedures within the exceptions of the Act of 1957 those procedures must be followed in order to properly dismiss a member of the police force.

Judgment affirmed.