## Commonwealth v. Insurance Company of North America

Robert M. Taylor, for Commonwealth.
R. B. Ely, 3rd, for respondents.

HAGAN, P. J., August 24, 1965.—This action was instituted by a petition for escheat naming the various respondents listed above. Answers containing new matter were filed by respondents, to which petitioner filed replies, placing the case at issue. Thereafter, respondents filed a motion for framing of issues, and the matter is now before us on that motion.

Petitioner contends that the motion of respondents should be dismissed, for the reason that the issues in the case have been framed by the pleadings. Whether the contention of petitioner is well founded turns upon the construction to be given to certain acts of assembly of this Commonwealth, to which we shall now address our attention.

On May 2, 1889, the legislature passed an act, (P. L. 66), entitled as follows:

"Defining and regulating escheats in cases where property is without a lawful owner, and providing for more convenient proceedings relative to the same": 27 PS §1, et seq. The act set forth a comprehensive procedure with respect to various types of escheats and section 7 thereof (27 PS §42) provided that when an escheator was appointed ". . . he shall apply by petition to the court having jurisdiction in the premises, to hear and determine whether an escheat has occurred or not . . . ." No provision was made in the act for the filing of an answer by any party alleged to have possession of escheatable property, or by any other party claiming to have an interest therein. However, section 9 of the act (27 PS §44) provided a method for framing issues of fact, in these words:

"That whenever any proceedings in escheat shall have been instituted or shall be pending in any court of this Commonwealth, and there shall be any disputed fact or facts touching said escheat, then and in that case, the said court shall, upon application of the escheator, or any other person interested or claiming

to be interested in the said proceedings, prior to the filing of a finding or adjudication therein, frame an issue or issues to determine said disputed question or questions of fact. . . ."

On July 29, 1953, the above Act of 1889 was extensively amended by Act No. 247, P. L. 986, the title of which stated that it was ". . . further defining property, property subject to escheat and beneficial owner; conferring jurisdiction upon certain courts; *providing for procedure;* and permitting the joinder of items in escheat proceedings." (Italics supplied.)

Section 7 of the Act of 1889, which provided for the filing of a petition in escheat, was amended by the Act of 1953, by the addition of subsections (c) and (d), 27 PS §42(c) and (d), which read as follows:

"(c) A copy of the petition shall be served upon the corporation or other person by whom the property is held or owing as respondent, within the time and in the manner provided under the provisions of the Pennsylvania Rules of Civil Procedure for the service of a writ of summons or complaint in an action of assumpsit. The respondent shall, within twenty days after service of the said petition, file an answer thereto, setting forth the name and address, if known, of every person having an interest in the property, together with any other facts relative thereto of which the respondent shall have knowledge, and whether any claim to the property has been made upon or against the respondent. Any averment in the petition not specifically denied in the answer shall be taken as admitted.

"(d) Any person having or claiming an interest in any real or personal property as to which a petition of escheat has been filed may, on or before the time fixed for hearing or at such subsequent time as may be allowed by order of the court, file with the court a written notice of claim, in the form of an answer to the petition, and shall serve a copy of such answer upon

the escheator, and shall, at the time fixed for hearing, appear in person or by duly authorized counsel and substantiate his claim or otherwise show cause why such property or any part thereof should not be adjudged to have escheated to the Commonwealth. Any averment in the petition not specifically denied in the answer shall be taken as admitted."

The 1953 amendment of the Act of 1889 did not repeal or amend section 9 of that act, providing a procedure for the framing of issues.

The issue before us, therefore, is whether section 9 of the Act of 1889 has been repealed by implication by the 1953 amendment to section 7. We are not unmindful that repeals by implication are not favored by the law: Kelly v. Philadelphia, 382 Pa. 459, and Parisi v. Philadelphia Zoning Board of Adjustment, 393 Pa. 458. Whether a statute has been impliedly repealed by a later statute is, however, exclusively a question of legislative intent: George v. Moore, 394 Pa. 419, and First National Bank of Millville v. Horwatt, 192 Pa. Superior Ct. 581.

Although the 1953 amendment to the Act of 1889 failed to specifically repeal that portion of section 9 of the Act of 1889 which provided a procedure for the framing of issues of fact, the conclusion is inescapable that it was the intention of the legislature to supersede that procedure and replace it with the procedure set forth in section 7, as amended. Thus, not only is a procedure provided whereby a named respondent or any person claiming an interest in alleged escheatable property shall file an answer to the petition for escheat, but it is specifically provided that any averment in the petition which is not denied in the answer shall be taken as admitted. The obvious purpose of the 1953 amendment was to provide a procedure whereby the issues of fact were to be framed by the pleadings, thereby bringing escheat proceedings into conformity with

other types of procedure in the Commonwealth.

In the instant case, the issues of fact have been raised by the normal procedure of petition, answer and new matter and reply to new matter. Were we to grant respondents' motion for the framing of issues, the only order that we could enter would be a declaration that the issues are those which have already been framed by the pleadings. We cannot believe that the intention of the legislature was to require this court to enter such a vain order.

For the foregoing reasons, we hold that those clauses of section 9 of the Act of May 2, 1889, which provided a procedure for framing issues of fact, were impliedly repealed by the amendatory provisions of the Act of July 29, 1953, P. L. 986.

In the alternative, we hold that if the provisions of section 9 of the Act of 1889 were not impliedly repealed by the Act of 1953, all the issues to determine disputed questions in this case have already been framed by the pleadings heretofore filed.

For this reason, respondents' motion for framing of issues is hereby dismissed.