Robert W. Sweeny *v.* Michael E. Johns, Appellant.

210

Argued November 1, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*George K. Hanna,* for appellant.

*Robert L. Ceisler,* with him *Patrono, Ceisler, Edwards and Edwards,* for appellee.

Opinion by Judge Wilkinson, Jr., December 9, 1977:

The appellee in this case is a member of the police force in Washington, Pa., (City), a third class city. The appellee was a lieutenant on the force, having been appointed to this rank under the terms of an arbitration award. He was then reduced in rank to sergeant

and subsequently to patrolman, by the appellant mayor of Washington. It is admitted that this reduction in rank was not based on any claim of misconduct or other just cause, but was purely a discretionary act by the appellant. The appellee then brought an action in mandamus to compel the appellant to restore him to the rank of lieutenant. The lower court sustained the appellee's action, ordering the appellee's restoration to the rank of lieutenant. This appeal was then taken. We affirm.

Under the provisions of Section 2002 of The Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. §37002, the mayor has the sole power to designate the chief of police and the other officers of the police department. The mayor also has the power, subject to certain statutory limitations in the case of the chief of police, to demote the chief and the other officers without cause, and without a hearing or other civil service protection. *Zeloyle v. Bettor,* 371 Pa. 546, 91 A.2d 901 (1952).

The appellee argues that the arbitration award between the City and the police force limits the mayor's power to demote. The appellee also argues that such a limitation on the power to demote does not bring the arbitration award into conflict with any positive statutory requirement. We agree with both arguments.

The provision of the arbitration award at issue here contains the following basic elements. First, a policeman required to perform duties of a higher rank would receive the compensation of his lower rank for one calendar month, and at the end of the calendar month would then receive the pay of the higher rank. Second, upon the expiration of six calendar months from the date the officer was originally assigned to the temporary duties, he would have to either be promoted to the higher rank or returned to his prior duty. Third, the arbitration award makes provision for the

accumulation of periods of temporary service over a two year period. Finally, the award allows, upon agreement between the City and the Fraternal Order of Police, for an officer to serve more than six months temporary duty without having to be promoted to the higher rank.

We believe it is clear that the provisions of the arbitration agreement limit the mayor's power to demote those officers who have been promoted to a higher rank following the performance of six months temporary duty. The appellant disagrees, arguing that since the arbitration award is silent on the issue of demotion, the mayor retains his statutory right to demote police officers at his sole discretion. We cannot accept this position for two reasons. First, it would be meaningless to say the appellee, or any officer, has earned his rank after six months' acting service if he could be immediately and summarily dismissed without cause. Second, the provision that under unusual circumstances the six month temporary duty period can be extended does not make sense if the officer can then be dismissed by the solitary, unilateral act of the mayor, when both the City and the Fraternal Order of Police must agree to the time extension in the first place.

Having concluded that the arbitration provision does limit the mayor's power to demote, the next issue is whether this provision requires an action prohibited by the positive requirements of any statute. We do not believe it does.

As was stated in *In Re: Appeal of Ross Township,* 21 Pa. Commonwealth Ct. 541, 346 A.2d 836 (1975), the case of *PLRB v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975), sets forth the guidelines to be followed in determining whether a particular issue is the proper subject of collective bargaining, or by necessary inference, of an arbitration

award. It is not necessary to restate those guidelines at length. We simply hold that the arbitration provision in question here is not an unreasonable intrusion into the inherent managerial rights of the appellant, that it relates to the terms and conditions of employment of the appellee, and, most importantly, that it is not in violation of or inconsistent with President Judge SWEET's conclusion that Section 2002 of The Third Class City Code "allows but does not require the mayor to demote officers." As such, that statutory provision is merely directory, and, therefore, does not conflict with the arbitration award in question here.

Accordingly, we will enter the following

ORDER

Now, December 9, 1977, the decision of the Court of Common Pleas of Washington County, No. 477 May Term 1976, dated October 29, 1976, is affirmed.