Donald G. Oswald, Appellant *v.* City of Allentown and Carson S. Gable, Appellees.

Argued April 7, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*W. Hamlin Neely,* for appellant.

*Jack I. Kaufman,* Assistant City Solicitor, with him *Daniel K. McCarthy,* Assistant City Solicitor, and *Alan M. Black,* City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 13, 1978:

Donald G. Oswald (Appellant) appeals an order of the common pleas court upholding his dismissal from the Allentown Police Force. The City of Allentown (City) seeks to sustain that determination.

The facts are as follows. In May or June of 1975, Appellant, while in uniform and driving a marked police vehicle, visited the manager of the Twin Village Apartments. According to the testimony adduced before the court below, Appellant stated, "I heard you have been having a lot of problems in the project." When the manager replied in the affirmative, Appellant responded, "Well, if I had an apartment I could keep an eye on the place for you." The manager testified that he had previously made apartments available for surveillance purposes to law enforcement authorities and, so, he made one available to Appellant. From approximately 100 vacant apartments, Appellant selected an unfurnished unit located in a remote area of the complex. Appellant asked the manager to obtain some furnishings and, accordingly, Appellant was provided a bed, kitchen table and chairs. Appellant paid no rent for the apartment nor did the manager see Appellant again until sometime in 1976.

In late April or May of 1976, while patrolling the vicinity of the Twin Village Apartment complex, Appellant told a fellow officer that "I have an apartment, and we are using it." Appellant also indicated to this officer that a woman civilian was regularly taking men to the apartment. One married officer testified that Appellant had given him a key to the apartment, which he subsequently used for sexual encounters. The Chief of the Allentown Police Department testified that a married female admitted using the apartment twice a week for the purpose of engaging in sexual relations. Subsequently, when this woman testified, she admitted receiving a key from Appellant. Appellant, however, did not testify.

Prior to disposition by that court, the Allentown City Council, after a closed hearing, the transcript of which was not made available to the court below, concluded:

1. Patrolman Donald Oswald did *not* engage in conduct unbecoming a police officer in that he did not knowingly and willfully procure an apartment unit for personal use, without payment, under the false pretext that the apartment unit was to be used for observation of possible illegal activities within the apartment complex.

2. Patrolman Donald Oswald did engage in conduct unbecoming a police officer in that he did provide access to, and use of, an apartment unit to others for activities which could only bring discredit to the Allentown Police Bureau. (Emphasis added.)

Relying on the second conclusion, Appellant was permanently dismissed. He appealed that determination to the court below which, finding *both* charges substantiated by the evidence, affirmed the dismissal by the Allentown City Council, and sustained Appellant's dismissal.[1] Appellant seeks our review of that order. We affirm.

Our Supreme Court in *Baker Case,* 409 Pa. 143, 185 A.2d 521 (1962),[2] clearly set forth the doctrine that a municipality's determination to impose certain sanctions, including dismissal, against police officers involves three separate questions: (1) a factual question raised by the charges against the officer; (2) the legal question of whether such facts constituted just cause

---

[1] Since we find the second charge supported by the evidence and because it is undisputed that the conduct related to that charge is sufficient to sustain City Council's dismissal, we do not consider Appellant's contention that review by the court below of the first charge against Appellant was inappropriate.

[2] Though this case arose under the Act of August 10, 1951, P.L. 1189, *as amended*, 53 P.S. §23531 et seq., the relevant provisions are similar to those of The Third Class City Code (Code), Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §35101 et seq., involved here.

for his dismissal; and (3) the judgment question whether the power of dismissal, if authorized, should be exercised under the circumstances. As to this third question, the Court noted that a reviewing court does not have absolute discretion to exercise in adjudging the merit and validity of the sanctions. The court is required to give due respect and weight to the action of the duly constituted municipal body authorized to act with respect to the charges which, in this instance, is the City Council of Allentown. The Court in *Baker, supra,* delineated this rationale as follows:

> [P]rimary responsibility and decision as to the methods necessary to uphold police morale and efficiency and to maintain public confidence in the police department resides in the municipal officials. . . . The function of the courts is merely to make sure that just cause for dismissal exists, both factually and legally, and that the municipal officials have not abused their discretion in imposing the punishment in question. It is *not* our function to decide what we would have done under the circumstances if we had been Baker's superiors. (Citations omitted.) (Emphasis in original.)

409 Pa. at 147, 185 A.2d at 523.

Clearly, if the second charge has factual support in the record and these facts are sufficient as a matter of law to constitute just cause for dismissal, we are obliged to uphold Appellant's dismissal because we must recognize that primary responsibility for disciplinary action resides with municipal officials, absent a clear abuse of discretion. This is so even though we might have imposed a different sanction. We turn, therefore, to Appellant's contention that competent evidence does not support the second charge.

Based upon the testimony of those witnesses testifying before the court below and the inescapable infer-

ences derived therefrom, we agree with that court that the findings of City Council relating to the allegation of conduct unbecoming an officer are more than adequately supported. Despite Appellant's contention that no direct evidence exists as to his knowledge of the activities taking place inside the apartment, a reasonable and logical inference is unavoidable that he was, in fact, aware of these activities.[3] As we wrote in *City of Bethlehem v. Gawlik,* 30 Pa. Commonwealth Ct. 390, 374, A.2d 540 (1977), under Section 4408 of the Code, 53 P.S. §39408, the provision applicable here, disciplinary action imposed by City Council may not be disturbed by the reviewing court if Council's action was based on substantial evidence.

Appellant next urges us to accept his contention that his actions do not amount to conduct unbecoming a police officer. We disagree. As our Supreme Court stated in *Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959):

> Unbecoming conduct on the part of a municipal employee, especially a policeman . . . is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. . . . Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services.

And as we said in *Cerceo v. Darby,* 3 Pa. Commonwealth Ct. 174, 183, 281 A.2d 251, 255 (1971):

> Twentieth Century America has the right to demand for itself, and the obligation to secure for its citizens, law enforcement personnel

---

[3] Appellant contends the court below erred in considering his failure to testify as an inference of misconduct. Since we find the record contains support for the finding relating to this charge without relying upon an inference based upon Appellant's failure to testify, we decline to reach this question in the context of this case.

whose conduct is above and beyond reproach. The police officer is expected to conduct himself lawfully and properly to bring honor and respect to the law which he is sworn and duty-bound to uphold. . . . We demand from our law enforcement officers, and properly so, adherence to demanding standards which are higher than those applied to many other professions.

Since it is clear that substantial evidence supported City Council's finding and that the conduct in question was unbecoming a police officer, we cannot accept Appellant's contention.

Finally, it is clear that once having found Appellant did engage in unbecoming conduct, it was not for the court below nor for us to decide the severity of the penalty. *See City of Bethlehem v. Gawlik, supra.* Since it is clear that substantial evidence supported City Council's finding that there was just cause for dismissal of Appellant based simply upon the second charge against him, the court below did not err in affirming the dismissal.

Accordingly, we

ORDER

AND Now, this 13th day of July, 1978, the decision and order of the Court of Common Pleas of Lehigh County is affirmed.