In Re: Appeal of Sheriff Eugene L. Coon From the Decision of the Civil Service Commission for Allegheny County Police and Firemen. Eugene L. Coon, Appellant.

Argued May 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Norman Paul Wolken, Wolken & Landy,* for appellant.

*Leonard I. Sharon, Sharon & Sharon,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 14, 1981:

Allegheny County Sheriff Eugene L. Coon appeals the Allegheny County Common Pleas Court's approval of an Allegheny County Civil Service Commission for Police and Firemen decision rejecting the Sheriff's discharge of Deputy Sheriff Willie Bowman. We affirm.

On December 14, 1979, Bowman received a letter of discharge from the Sheriff enumerating nine specific charges of misconduct, insubordination, conduct unbecoming an officer, and criminal conduct occurring while on special assignment to the Drug Enforcement Agency Task Force in 1976 and with the Sheriff's Department from 1976 through 1979.[1] After several

---

[1] The Sheriff draws support for discharge from Section 10 of the Deputy Sheriff's Act, Act of May 31, 1974, P.L. 296, *as amended,* 16 P.S. §4221.10(a), which essentially provides that discharge may only be supported by actions which constitute a violation of official duties, neglect, a misdemeanor or felony, intoxication relating to official duties, willful disobedience of orders or conduct unbecoming an officer.

hearings and the taking of extensive testimony from witnesses, police officers, and deputy sheriffs, the Commission reluctantly concluded that the serious incidents cited by the Sheriff were not supported by competent or credible evidence and therefore could not justify the discipline imposed. Noting that Bowman should consider himself "a most fortunate person," the Commission strongly indicated its "hope that the Sheriff's office would develop a better program of personnel direction and disciplinary measures, so that a record of discipline can be adequately presented to us. It is only the inadequate presentation and lack of evidence which leads us to our findings and decision."

After review and oral argument based upon the administrative record, the lower court found substantial evidentiary support for the Commission's decision and ordered reinstatement with full back pay and benefits. The Sheriff appeals.

Our decisions have clearly delineated the Civil Service Commission's authority in matters of disciplinary action. If the charges on which a removal is based relate to the merits of the employee's work performance and if the charges are supported by the Commission's own findings, the Commission must uphold the Sheriff's disciplinary action. Only if the charges are not verified may the Commission modify the Sheriff's action by reinstating the employee with or without back pay. *Omelchenko v. Housing Authority of the County of Lebanon*, 58 Pa. Commonwealth Ct. 494, 428 A.2d 274 (1981).

Our own meticulous review of the record indeed reveals that the Commission was faced with evidence that was wholly inadequate to sustain the Sheriff's burden of proving justification for the discipline. Testimonial evidence reduced domestic disturbances

to "nothing unusual" and just a "misunderstanding," a dispute at Domestic. Relations Court to simply a routine argument, disobedience of duty assignments to possible sickness, and allegations of obscene language and insubordination towards a superior officer to little more than the usual humorous exchanges between deputies and their superiors. There is present in the record no more than a criminal complaint with some indication of harassment to substantiate the charge that threats were made to hinder a criminal investigation. Nor can we find evidence, outside of the reckless discharge of his revolver, to support alleged incidents during DEA service due to the Sheriff's inability to secure authorization for the appearance of government special agents.

In concluding that the Commission's decision must stand, we neither approve of actions which may well constitute conduct unbecoming a police officer nor ignore our longstanding belief that law enforcement officers have an obligation to the citizens of this Commonwealth "to bring honor and respect to the law which he is sworn and duty bound to uphold" and to exhibit conduct in his duties which is "above and beyond reproach." *Oswald v. City of Allentown*, 36 Pa. Commonwealth Ct. 238, 244, 388 A.2d 1128, 1130-31 (1978). However, we must insist that charges serious enough to support the discharge of a law enforcement officer be presented for consideration, and documented and supported by a record which not only guarantees the individual rights of the officer but insures the public's continuing respect and confidence in law enforcement.

Affirmed.

### Order

The Allegheny County Common Pleas Court order, dated August 11, 1980, is affirmed.