Roger SAMES, Dennis Troccola

v.

Carson S. GABLE, Joseph S. Daddona,
City of Allentown.

Civ. A. No. 82–1237.

United States District Court,
E. D. Pennsylvania.

June 23, 1982.

John P. Karoly, Jr., Allentown, Pa., for plaintiff.

Robert G. Hanna, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Complaining that they were unconstitutionally demoted from sergeant to patrolmen because of their support of an unsuccessful candidate for mayor, plaintiffs instituted suit against defendants, City of Allentown (City), Police Chief Gable and Mayor Daddona. Specifically, plaintiffs, former sergeants on the Allentown police force, contend that their demotion without a hearing to determine "just cause" amounted to a "taking" of property without due process. Moreover, since the asserted motivation for the demotion was the support of a political candidate, plaintiffs argue that their First Amendment rights were violated. *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Relief is sought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1985(3). Plaintiffs have also appended various state claims.

Defendants initially moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). While that motion was still pending, they filed an appropriately supported motion for summa-

ry judgment. Upon consideration of both motions, we grant the motion to dismiss all claims based upon an unconstitutional "taking" and enter judgment upon plaintiffs' allegations of a political firing.

■ In order to withstand defendants' motion for summary judgment, plaintiffs may not rest upon the mere allegation of their complaint. Rather, they must respond by affidavit or otherwise and adduce *specific facts* showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). *See Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981); Advisory Committee's Notes on 1963 Amendment to Rule 56(e). Ignoring this command, plaintiffs have failed to point to any *specific facts* which show that there is a genuine issue for trial on the issue of a politically motivated firing. In their depositions, defendants Gable and Daddona denied any political motivation in the decision to demote plaintiffs. In fact, both defendants testified that they believed that plaintiffs were involved in threatening and spying upon and fighting with other city police officers. Hence, they demoted them in an effort to improve morale. The establishment of these uncontroverted facts as to defendants' motives, warrants entry of judgment on the issue of a politically motivated firing.

■ We turn now to plaintiffs' claim that their demotion was a "taking" of their property without due process. Our inquiry regarding whether a police sergeant's rank is considered constitutionally protected "property" revolves around state law, for it, rather than federal law, creates and defines the contours of "property rights". *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A claim of entitlement is decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Kelly v. Warminister Township Board of Supervisors*, 512 F.Supp. 658, 600, n.2 (E.D.Pa.1981); *Skrocki v. Caltabiano*, 505 F.Supp. 916, 918 (E.D.Pa.1981). We must determine whether Pennsylvania considers sergeant's stripes, issued by a third-class city, to be "property" which can only be taken away by a process which is legally due.

*Petrillo v. City of Farrell*, 345 Pa. 518, 520–21, 29 A.2d 84 (1942) held that state civil service requirements only protect a police officer's status as patrolman. A demotion without a hearing is permissible since civil service rights and protections attach only to the position of police force member. Ten years later, in *Zeloyle v. Bettor*, 371 Pa. 546, 549, 91 A.2d 901 (1952), the Pennsylvania Supreme Court, in a *quo warranto* action, held that a third-class city may demote a policeman without a hearing so long as the officer remains a member of the force. Significantly, defendant Allentown is a third-class city.

Plaintiffs' reliance upon *George v. Moore*, 394 Pa. 419, 147 A.2d 148 (1959) and *Oswald v. City of Allentown*, 36 Pa.Cmwlth. 238, 388 A.2d 1128 (1978), cases which considered due process rights of fired and not demoted police officers is misplaced. *George v. Moore*, 394 Pa. at 421, 147 A.2d 148, held that a hearing is required in order to lawfully fire a police officer. Likewise, the issue before the Commonwealth Court in *Oswald, supra*, was whether defendant had permissibly terminated plaintiff police officer after according him a due process hearing. Neither *George* nor *Oswald* support the proposition that a third-class city must convene a hearing before demoting a police officer; rather, they hold that such a hearing is required before a permissible termination occurs.

Plaintiffs' reliance upon 53 P.S. § 53251 which generally regulates municipal-police relationships and 53 P.S. § 53270 which specifically prohibits demotions for "political reasons" is likewise erroneous. These statutes on their face apply only to "incorporated towns" and do not regulate third-class cities.

53 P.S. § 37001 provides in relevant part that

> no member of the city police force . . . shall be demoted in rank . . . except upon proper cause shown . . .

Plaintiffs argue that this statute evidences the fact that Pennsylvania considers ser-

geant stripes to be "property" which can only be taken away after a hearing to determine "proper cause". We disagree.

*Sweeny v. Johns*, 33 Pa.Cmwlth. 209, 380 A.2d 504 (1977) relying upon 53 P.S. § 37002, the very next statutory sub-section, held that a third-class city's mayor may properly demote the police chief and "other officers without cause, and without a hearing or other civil service protection". *Id.* This is because third-class cities which have adopted the optional charter form of government, as has defendant Allentown, can supersede statewide statutes which govern "personnel and administration" policies. *Greenberg v. Bradford*, 432 Pa. 611, 614, 248 A.2d 51 (1968).

Because we conclude that Pennsylvania does not consider the position of police sergeant in a third-class city with an optional charter form of government to be a property right, we will grant defendants' motion to dismiss all federal claims based upon the "taking" thereof.

In view of our holding, we also dismiss plaintiffs' pendent claims. Pendent jurisdiction . is discretionary, *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 478 (3d Cir. 1979), and plaintiffs may claim no right thereto. *Wire Mesh Products, Inc. v. Wire Belting Association*, 520 F.Supp. 1004 (E.D.Pa.1981).