Robert Lewis ELLISON,

v.

Walter G. SCHEIPE, Warden Woodrow High, Captain John Lenzden, Sergeant (all of Berks County Prison) Reading, Pennsylvania.

Civ. A. No. 80–1927.

United States District Court,
E.D. Pennsylvania.

Sept. 15, 1983.

David Binder, Reading, Pa., for plaintiff.

Charles Coleman, Reading, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, a prisoner, brought this action pursuant to 42 U.S.C. § 1983 stating that the defendants' conduct in failing to secure immediate medical attention for him following an injury he sustained while at Berks County Prison amounted to a deprivation of his civil rights. Defendant Scheipe is the Warden of Berks County Prison. Defendants High and Lenzden are employed there as guards. All defendants have moved for summary judgment.

The facts as related in defendants' brief are not contested. In the early evening of Saturday, July 7, 1979, plaintiff injured his wrist during a voluntary recreation period. After complaining of pain, he was given an ice treatment to aid in the reduction of swelling. This treatment was repeated on Sunday, July 8, 1979. Additionally, the prison physician was contacted on Sunday by defendant Woodrow High. The physician advised High that the plaintiff should be taken for X-rays on Monday, July 9, 1979. In accordance therewith, Daniel L. Wagner, Assistant Medical Supervisor of Berks County Prison, took the plaintiff to Reading Hospital for X-rays on Monday, July 9, 1979. The X-rays showed a faint lucency which was determined to be a nondisplaced fracture. The plaintiff was treated at that time and was returned to the hospital thereafter on three separate occasions over the next two and one-half month period for further X-rays and recasting.

It is well settled that summary judgment should not be granted unless it can be shown that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed.R.Civ.P. 56; *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 468, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). Moreover, even where the facts are undisputed, if there is a dispute over the inferences to be drawn from those facts, summary judgment is not appropriate. *United States v.*

*Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Central Nat. Life Ins. v. F. & D. Co. of Md.,* 626 F.2d 537, 539 (7th Cir.1980).

Defendants argue that they are entitled to judgment under the uncontested facts since such facts will not sustain a claim for deprivation of rights under color of state law. Plaintiff opposes summary judgment by baldly asserting that a dispute exists as to the "inferences that can be drawn from [the facts] in this case". However, the existence of any such dispute cannot be gleaned from plaintiff's brief. Moreover, plaintiff has not submitted any affidavits or other evidence to demonstrate discrepancies between his position as to the facts and underlying inferences and that stated by defendants in their brief and supporting affidavit and exhibits. To withstand defendants' motion, plaintiff may not rely on the mere allegations of his complaint; rather, he must respond by affidavit or otherwise, and adduce specific facts demonstrating that there is a genuine issue for trial. *Tilden Financial Corp. v. Palo Tire Service,* 596 F.2d 604, 607–08 (3d Cir.1979); *Sames v. Gable,* 542 F.Supp. 51, 52 (E.D.Pa.1982).

Thus, the sole question with which we are faced is whether, as a matter of law, the defendants' failure to secure immediate treatment by a *medical doctor* following injury to plaintiff's wrist rises to the level of a deprivation of constitutional rights.

■ In order to sustain a claim under 42 U.S.C. § 1983, plaintiff must be able to show that the defendants "acts or omissions were sufficiently harmful to evidence deliberate indifference to serious medical needs". *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Hence, the *Estelle* test requires plaintiff to meet two separate criteria before being entitled to relief. As stated by the Third Circuit, "[i]t requires deliberate indifference on the part of prison officials and it requires the prison-

er's medical needs to be serious". *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1978).

■ The facts agreed upon show that the plaintiff was given an ice treatment immediately after he sustained the injury. This treatment was repeated the next day. Defendant High also contacted the prison physician that day, approximately twenty-four hours after the injury occurred. The physician recommended that the defendant be taken for X-rays the following day, less than forty-eight hours after the accident. Those instructions were followed by prison personnel.

Such facts simply do not support plaintiff's claim. The action taken by the defendants and other prison employees shows anything but "deliberate indifference" to plaintiff's injuries. He was attended to promptly after the accident occurred by prison personnel. The fact that he was not examined by a medical doctor for some thirty-six to forty-eight hours following the injury was in large part the medical judgment of the prison physician. Moreover, "considerable latitude" is given to such decisions made by prison medical personnel in the diagnosis and treatment of inmates. *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979).

■ In addition, plaintiff's contention that it was "[im]proper medical procedure for the prison physician to make a diagnosis over the telephone" is not relevant to our determination of the issue at bar. First and foremost, the prison physician is not a defendant to the instant action. Secondly, prison officials cannot be required to second guess the medical judgment of the physician.[1] They are merely expected to bring to the physician's attention any injuries or illnesses suffered by inmates. Lastly, any medical decision to delay examination or X-rays of a patient which subsequently proves to have been made improperly does not rise to the level of a constitutional violation merely because the patient is a

---

1. *Cf., Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977) (The Court limited its determination of the issue it faced to the prisoner's right to receive medical treatment. It refused to

second guess the propriety of a particular course of treatment, holding such decisions to be a question of sound professional judgment.)

prisoner. At best, the patient might have a tort claim for medical malpractice, more properly actionable in state court. *Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1081 (3d Cir.1976); *Scott v. Collins,* No. 83–3072 slip op. at 1 (E.D.Pa. July 19, 1983).

The propriety of the action taken by the defendants is further supported by the relatively minor nature of the injury sustained by the defendant. Moreover, as stated in the uncontroverted affidavit of Daniel Wagner submitted in support of the defendants' motion, "in injuries [such as the one sustained by plaintiff] involving trauma to the small bones of the wrist it is better medical procedure to take the X-rays several days after the incident to allow swelling to go down rather than have the X-rays taken immediately after the incident as it is often possible to miss the fracture if they are taken immediately after the incident". Wagner Affidavit at p. 3, para. 8.

Therefore, viewing the agreed upon facts, the affidavit and exhibits, as well as all inferences that may be drawn therefrom, in a light most favorable to the plaintiff, we are convinced that the defendants are entitled to judgment as a matter of law. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).