**Roger SAMES and Dennis Troccola**

v.

**Carson GABLE, Joseph Daddona and the City of Allentown.**

**Civ. A. No. 82–1237.**

United States District Court, E.D. Pennsylvania.

Dec. 21, 1983.

---

John P. Karoly, Jr., Allentown, Pa., for plaintiffs.

Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In a prior decision we held that plaintiffs, former sergeants in the Allentown police force, had not been unconstitutionally demoted to the rank of patrolmen. We also held that defendants were entitled to summary judgment on the claim that plaintiffs' demotion was in retaliation for their support of an unsuccessful mayoral candidate. *Sames v. Gable,* 542 F.Supp. 51 (E.D.Pa. 1982). Upon a motion to reconsider, plaintiffs submitted affidavits which purportedly raised genuine issues of material fact and argued that judgment was erroneously entered. We denied the motion and plaintiffs appealed.

During the time that plaintiffs' motion to reconsider was pending, they also filed a notice of appeal. The Third Circuit determined that the appeal was a nullity and that the Court lacked appellate jurisdiction under *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). 716 F.2d 892. The Circuit, seeking to discharge its function to review district court actions, remanded the matter to our docket and invited plaintiffs to file an appropriate motion under Fed.R.Civ.P. 60(b). Plaintiffs have done so and requested that we re-enter the judgment previously entered in this matter to preserve their appellate rights. We will grant the motion.

We do not, however, blindly re-enter the judgment; rather, we take this opportunity to amplify the basis for our holding.

We entered judgment against plaintiffs on their claim that they were demoted for political reasons only after plaintiffs failed to properly oppose defendants' motion for summary judgment. Specifically, we noted that defendants' depositions showed that they lacked any impermissible motives when plaintiffs were demoted. Plaintiffs' opposition to the motion made no attempt to adduce specific facts to contradict those established by defendants.

Upon their motion to reconsider, plaintiffs urged that their verified complaint

was entitled to be treated as an affidavit under Fed.R.Civ.P. 56. *See, Ratner v. Young,* 465 F.Supp. 386, 389 n. 5 (D.V.I. 1979). Hence, they urged that they properly, although without specific reference to this "affidavit", opposed defendants' motion for summary judgment. Upon reconsideration, plaintiffs also submitted a number of affidavits which purported to raise issues of fact regarding their claim that they were demoted for political activities.

In denying the motion to reconsider we held that the verified complaint, if treated as an "affidavit" under Rule 56 pursuant to *Ratner v. Young, supra,* must fully comply with the requirements of that rule. *Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir.1980). The verified complaint did not. Indeed, the verification appended to the complaint stated that the allegations contained therein were true to the "best of [plaintiffs'] knowledge, information and belief".

■ When submitting a Rule 56 affidavit, however, parties may not rely upon "information and belief". The rule requires that such affidavits be made only upon "personal knowledge", setting forth "facts" which are "admissible in evidence". Thus, a party resisting a properly supported summary judgment motion cannot rely upon "bare assertions, conclusory allegations or suspicions". *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). Likewise, affidavits made upon "information and belief" or upon an "understanding" do not conform to the rule. *Cermetek, Inc. v. Butler Avpak,* 573 F.2d 1370, 1377 (9th Cir.1978). The same is true with respect to affidavits which contain bald assertions conclusions of law, suggestions and arguments. *Matter of Bankers Trust Co.,* 551 F.Supp. 609, 610 (E.D.Pa.1982); *Carey v. Beans,* 500 F.Supp. 580, 583 (E.D.Pa.1980), *aff'd,* 659 F.2d 1065 (3d Cir.1981); *Cohen v. Ayers,* 449 F.Supp. 298, 321 (E.D.Ill.1978), *aff'd. mem.,* 596 F.2d 733 (7th Cir.1979). Hence, we concluded upon reconsideration that defendants were properly entitled to judgment even if we treated plaintiffs' verified complaint as a Rule 56 "affidavit".

■ Plaintiffs' other affidavits, submitted only upon motion to reconsider, were similarly infirm. Each such affidavit was defective in that each contained averments made upon "knowledge, information and belief". Each also contained inadmissible hearsay evidence. *Wire Mesh Products, Inc. v. Wire Belting Ass'n.,* 520 F.Supp. 1004, 1006 n. 17 (E.D.Pa.1981).

■ Moreover, these affidavits were submitted in an untimely fashion and after briefing on the motion for summary judgment had been concluded. We excluded these affidavits not only because they were made upon "information and belief" but also in light of the well established rule that courts "need not consider" affidavits submitted in an untimely manner. *Dudo v. Schaffer,* 93 F.R.D. 524, 528 (E.D.Pa.1982) (Luongo, Ch. J.); *Blackburn v. Prudential Lines, Inc.,* 454 F.Supp. 1302, 1306 (E.D.Pa. 1978). *Accord, DeLong Corp. v. Raymond International, Inc.,* 622 F.2d 1135, 1140 (3d Cir.1980), overruled in part on other grounds, *Croker v. Boeing Co.,* 662 F.2d 975 (3d Cir.1981); *Jones v. Menard,* 559 F.2d 1282, 1285 n. 4 (5th Cir.1977). The affidavits upon which plaintiffs sought to rely were untimely and improper under Rule 56, we therefore excluded them when ruling upon the motion to reconsider.

Finally, the motion to reconsider urged that we erred in determining that Pennsylvania does not consider the position of police sergeant in a third-class city with an optional charter form of government to be "property". We disagree for the reasons stated in our prior decision. *Sames v. Gable,* 542 F.Supp. at 52–53. *See, Zeloyle v. Bettor,* 371 Pa. 546, 549, 91 A.2d 901 (1952), and *Sweeny v. Johns,* 33 Pa.Cmwlth. 209, 380 A.2d 504 (1977).

In order to permit appellate review of the issues at bar, we shall enter an order re-entering judgment and permitting plaintiffs to file a timely notice of appeal.