Gerald A. GREENBERG

v.

Anthony J. PACENTA, Individually and
as Mayor of the City of Pottsville,
et al.

Civ. A. No. 84–2467.

United States District Court,
E.D. Pennsylvania.

Feb. 8, 1985.

Edward E. Kopko, Pottsville, Pa., for plaintiff.

Sheldon L. Albert, Philadelphia, Pa., for defendants.

## OPINION

CAHN, District Judge.

The plaintiff, Gerald A. Greenberg, seeks money damages and injunctive relief from the defendants[1] in regard to his demotion from Lieutenant/Deputy Chief of Police of the City of Pottsville. Before the court is defendants' motion for summary judgment. I will grant defendants' motion for the reasons set forth in this opinion.

Greenberg received an appointment as a patrolman with the Pottsville Bureau of Police on April 16, 1971. He was promoted to the rank of Detective in November of 1975. In June of 1979, he was promoted to the rank of Lieutenant. Greenberg was designated Deputy Chief of Police of the

---

1. The defendants are Anthony J. Pacenta, individually and as Mayor of the City of Pottsville, the City of Pottsville, and John Mushock, individually and as Chief of Police of the City of Pottsville.

Pottsville Bureau of Police by a letter dated March 18, 1983, from the then Mayor, Charles Quandel. On April 24, 1984, Mayor Pacenta reorganized the Pottsville Bureau of Police and demoted Greenberg to the rank of patrolman.[2] On July 12, 1984, Greenberg submitted a resignation from the Pottsville police force to Chief John Mushock. The defendants did not afford Greenberg any type of hearing concerning his demotion. Although he attempted to rescind his resignation, the City of Pottsville has taken the position that the resignation is valid and binding upon Greenberg.

On May 21, 1984, Greenberg filed the within lawsuit alleging a violation of his constitutional rights to substantive and procedural due process as an employee of a municipality. Greenberg alleged that he had a property interest in his position as Deputy Chief or at least in regard to his rank as Lieutenant. Greenberg also alleged that his constitutional right to equal protection of the law was violated by the adoption of the ordinance which reorganized the Bureau of Police.[3]

It does not appear that Greenberg has taken any action to grieve his demotion in accordance with the Collective Bargaining Agreement between police officers and the City of Pottsville. Nor has Greenberg initiated any action to redress his demotion under the Civil Service provisions applicable to third class cities.[4]

■ The first inquiry is whether or not Greenberg has a property interest in either the position of Deputy Chief or the rank of Lieutenant. Whether or not a police officer's rank is constitutionally protected property hinges on whether or not the police officer has a claim of entitlement under state law. *Bishop v. Wood*, 426 U.S. 341,

96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), *Sames v. Gable*, 542 F.Supp. 51, 52 (E.D.Pa.1982), *vacated on other grounds*, 732 F.2d 49 (3d Cir.1984). If Greenberg does not have a property interest in either position, then I would be required to grant defendants' motion because Greenberg can have no federal claim based on the taking of an unprotected right. The defendants contend that Greenberg had no entitlement to either the position of Deputy Chief or the rank of Lieutenant.

■ In regard to the position of Deputy Chief, I hold that the defendants are correct in their assertion that Greenberg has no entitlement under state law to that position. His appointment to that position by its terms was to expire on December 31, 1983. There is no proffer of any evidence that Greenberg was appointed to the position of Deputy Chief in conformity with Civil Service provisions and, therefore, Civil Service protection did not attach. *Snizaski v. Zaleski*, 410 Pa. 548, 189 A.2d 284 (1963).

■ The defendants' argument in regard to the rank of Lieutenant is less persuasive and I reject it. Defendants urge that the Pennsylvania Supreme Court in *Petrillo v. City of Farrell*, 345 Pa. 518, 520–21, 29 A.2d 84 (1942) and *Zeloyle v. Bettor*, 371 Pa. 546, 549, 91 A.2d 901 (1952) held that a third class city[5] may demote a policeman without a hearing provided the officer remains a member of the force. The difficulty with defendants' contention is that the statute was amended on December 27, 1967. The Third Class City Code of Pennsylvania ("Code") now provides at Pa.Stat. Ann. tit. 53, § 37001 (Purdon Supp.1984):

... no member of the city police force having been promoted in conformity with the civil service provisions of this act

2. The reorganization was accomplished in part by the adoption of an Ordinance which eliminated the rank of Lieutenant in the Pottsville Bureau of Police.

3. In addition to counts alleging violations of his rights to due process and equal protection of the law, plaintiff's amended complaint contains claims for conspiracy in violation of 42 U.S.C. § 1985(3) (1982) and pendent state law claims

for defamation and intentional infliction of emotional distress.

4. Pa.Stat.Ann. tit. 53, §§ 39401–39410 (Purdon 1957 & Supp.1984).

5. The parties agree that Pottsville is a third class city under the Pennsylvania statutory scheme set forth at Pa.Stat.Ann. tit. 53, §§ 35101–39701 (Purdon 1957 & Supp.1984).

*shall be demoted in rank* or discharged from the police force except upon proper cause shown as set forth under the civil service provisions of this act. (Emphasis supplied)

The defendants maintain that the quoted portion of the Code nevertheless permits the Mayor to demote ranking police officers because of the following provision in the Code set forth at Pa.Stat.Ann. tit. 53, § 37002 (Purdon Supp.1984), which provides:

> The mayor shall designate, from the force, the chief and other officers who shall serve as such officers until their successors are appointed and qualified. The chief of police shall be designated by the mayor and may be demoted without cause in the same manner *but not to any rank lower* than the rank which he held at the time of his designation as chief of police. (Emphasis supplied)

It is the defendants' position that this section authorizes at-will appointments and at-will demotions by the Mayor of a third class city.[6] That contention is correct in regard to the Chief of Police (provided the demotion is not to a rank lower than that which he or she held immediately prior to the appointment as chief) and it may be correct in regard to police officers who are appointed to ranking positions in a manner not in conformity with the Civil Service provisions of the Code. However, Greenberg (who was not the chief) was appointed to his position as Lieutenant in conformity with the Civil Service provisions of the Code and, therefore, he cannot be demoted or discharged except upon proper cause shown in conformity with the Civil Service provisions.[7] Therefore, I conclude that Greenberg did have an entitlement to the position of Lieutenant.

■ Greenberg maintains that, because the Mayor demoted him without a hearing and in violation of the Civil Service provisions of the Code, a constitutional violation has occurred.[8] It may well be that Greenberg's demotion amounts to a taking because the demotion was not in conformity with the Civil Service provisions. However, because Greenberg may obtain adequate relief from the state under the Civil Service provisions of the Code, he has not been denied due process of law. Under Pa.Stat.Ann. tit. 53 § 39408 (Purdon Supp. 1984), a discharge or a suspension of more than ten days (presumably including demotion) may be imposed for misconduct by the director of the department involved.[9] That

---

**6.** In *Diehl v. City of McKeesport,* 60 Pa.Commw. 561, 432 A.2d 288 (1981) the court held that "under the Code the mayor could demote police officers at will, without a hearing, provided only that the person remained a member of the police force." The court, however, made no reference to the December 27, 1967, amendment to Pa.Stat.Ann. tit. 53, § 37001 (Purdon Supp. 1984). Furthermore, *McKeesport* operated under a Home Rule Charter and not the Code.

**7.** It appears that Greenberg was promoted to Lieutenant pursuant to civil service procedures. Greenberg's promotion to the rank of Lieutenant was evidenced by Mayor Allen's letter of June 21, 1979. The letter provides:

> I hereby promote to the rank of Lieutenant, as of June 21, 1979, Gerald Greenberg and Dale Repp.
> These promotions are made after an oral and written examination were given by the Civil Service Commission of the City of Pottsville to all eligible candidates.
> The Civil Service Commission of the City, after submitting a list to my Office of the candidates that they believe best represent the

eligible persons for the position of Lieutenant, have (sic) been notified of my selections. In granting defendants' motion for summary judgment I am assuming that plaintiff did in fact receive his rank of Lieutenant in conformity with civil service provisions. Of course, if he did not, then he would have no entitlement to that rank under state law which is a prerequisite for his federal cause of action. *Rogin v. Bensalem Township,* 616 F.2d 680, 696 (3d Cir.1980), cert. denied sub nom. *Mark-Garner Associates, Inc. v. Bensalem Township,* 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981).

**8.** Although plaintiff urges that he has a constitutional claim because of alleged defamation in conjunction with his demotion, he simply has not made any showing that there is evidence of defamation other than the fact of the reorganization of the Bureau of Police. His counsel has not rebutted the assertion of the defendants that plaintiff's name was not mentioned publicly by any defendant in regard to the reorganization and his demotion.

**9.** It should be noted that Pa.Stat.Ann. tit. 53 § 39408 (Purdons Supp.1984) refers to suspen-

type of employment decision is made pending action by the City Council upon charges brought against the employee. A hearing is then to be held before the City Council where the employee is entitled to legal counsel of his own choosing and, if the employee is aggrieved by the action of the Council, he has the right of appeal by a petition to the Court of Common Pleas within thirty days after receipt of written notice of such action by Council "which it shall be the duty of the Council to give". The Court of Common Pleas is to hear the charges against the employee *de novo*.

Consequently, plaintiff is in a position to petition the Council of the City of Pottsville for a hearing on whether or not there was cause to demote him from the rank of Lieutenant to patrolman and whether or not his subsequent resignation was a constructive discharge. If plaintiff is aggrieved by the decision of Council, he has a *de novo* right of appeal before the state judiciary.

This type of procedure comports with the Constitution of the United States and plaintiff is not entitled to a separate federal remedy. Because plaintiff has a state remedy which provides for due process, his federal right to due process is not impinged. Recently, the United States Court of Appeals for this circuit joined the first and seventh circuits "in holding that substantive mistakes by administrative bodies in applying local ordinances do not create a federal claim so long as correction is available by the state's judiciary." *Cohen v. City of Philadelphia*, 736 F.2d 81, 86 (3d Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). In that case, a Philadelphia police officer with a property interest in his position was suspended without a hearing. The suspension was without pay. Writing for the court, Judge Hunter held that there is no federal claim for an improper employment decision made by a public administrator provided the affected employee has an opportunity to receive due process under state law. As Judge Hunter observed, this is not a requirement that a civil rights litigant exhaust state remedies. The issue is whether the plaintiff has been denied due process of law. He has not been if the state procedures provide him with reasonable process to protect his substantive rights.

Consequently, I will grant summary judgment in favor of all defendants. Plaintiff will then be in a position to petition the City Council of Pottsville to consider all of his claims in regard to the alleged violations of the Civil Service provisions of the Code. In the event of an unfavorable ruling from the City Council, plaintiff has a right to a *de novo* appeal under the Code. In addition, plaintiff may pursue his pendent state claims of defamation and intentional infliction of emotional distress in the Court of Common Pleas of Schuylkill County.[10]

An appropriate order will be entered.

### ORDER

AND NOW, this 8th day of February, 1985, IT IS ORDERED that the motion of defendants for summary judgment is GRANTED. Judgment is hereby ENTERED in favor of defendants, Anthony J. Pacenta, individually and as Mayor of the City of Pottsville, the City of Pottsville, and John Mushock, individually and as Chief of Police of the City of Pottsville, and against plaintiff, Gerald A. Greenberg.

---

sion and discharge, making no reference to demotion. However, Pa.Stat.Ann. tit. 53 § 37001 (Purdons Supp.1984) specifically requires that a demotion of a police officer be made in accordance with the civil service provisions of the Code. Pa.Stat.Ann. tit. 53 § 39408 (Purdons Supp.1984) sets forth the applicable civil service provisions and I hold that it is applicable to plaintiff's demotion.

10. Plaintiff's claim based on allegations of conspiracy in violation of 42 U.S.C. § 1985(3) (1982) does not pass muster because of the rule in *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) which requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." (footnote omitted) Greenberg has neither pleaded nor in any other way suggested that this requirement has been met.

This judgment is without prejudice to plaintiff's pursuing his claims before municipal and state tribunals. Should municipal or state tribunals construe Pa.Stat.Ann. tit. 53, §§ 37001 and 39408 (Purdon Supp.1984) to provide plaintiff an entitlement but no remedial procedures, plaintiff may petition this court to reopen this case for further analysis of his due process rights.