SAMES, Roger; Troccola, Dennis, Appellants in No. 84–1020,

v.

GABLE, Carson S.; Daddona, Joseph S.; City of Allentown, Appellants in No. 84–1028.

Nos. 84–1020, 84–1028.

United States Court of Appeals, Third Circuit.

Argued March 6, 1984.

Decided April 16, 1984.

John Peter Karoly, Jr. (argued), Karoly & Karoly, P.C., Allentown, Pa., for appellants.

Charles W. Craven (argued), Jo Fineman White, Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for appellees.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and GERRY,[*] District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Plaintiffs Roger Sames and Dennis Troccola ("plaintiffs") are currently patrolmen on the Allentown, Pennsylvania police department. They commenced this civil rights action on March 18, 1982 in the United States District Court for the Eastern District of Pennsylvania, alleging that they were unlawfully demoted from their prior rank of sergeant. According to plaintiffs, their demotions were politically motivated, in violation of plaintiffs' First Amendment rights of political association, and were accomplished without affording plaintiffs the process that they were constitutionally due.

Within a short period following the commencement of the action, plaintiffs and defendants served extensive written discovery requests upon each other. On May 10, 1982, defendants moved the district

---

[*] Honorable John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

court for an order limiting the scope of plaintiffs' discovery.[1]

Defendants filed a Motion for Summary Judgment on May 21, 1982. That motion was supported by the depositions of defendants Joseph Daddona, the Mayor of Allentown, and Carson Gable, the Chief of Police. Daddona and Gable denied in their depositions that the decisions to demote Sames and Troccola from sergeants to patrolmen had been politically motivated; defendants asserted instead that plaintiffs and others had been reduced in rank because they had formed a "clique" of officers whose activities had lowered morale on the force.

Defendants' Motion for Summary Judgment also raised the argument that plaintiffs had no protected legal interest in the rank of sergeant, whether based on state or federal law, and further incorporated by reference the legal arguments contained in a Motion to Dismiss that plaintiffs had previously filed.

Plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ["Memorandum"] on June 3, 1982. Plaintiffs argued that the deposition testimony of Daddona and Gable consisted merely of self-serving denials of wrongdoing by the very individuals whose conduct and motivation were at issue. [Memorandum at 2, 3]. Moreover, plaintiffs informed the court that the parties were engaged in extensive discovery, including interrogatories and requests for document production. [Memorandum at 2]. Plaintiffs urged at the conclusion of their opposing memorandum that

Defendants cannot cut Plaintiffs['] discovery off at the early stage of the proceedings on the basis of their simple denials of any alleged political involvement.

[Memorandum at 11]. Plaintiffs did not, however, offer any competent evidence to counter defendants' denials, see Fed.R. Civ.P. 56(c), (e), nor did plaintiffs point to specific outstanding discovery that could reasonably be calculated to lead to evidence supporting the averments of plaintiffs' complaint or calling into question defendants' sworn denials, see Fed.R.Civ.P. 56(f).

On June 7, 1982, after full briefing of defendants' summary judgment motion but before its resolution by the court, the district court denied defendants' motion to limit the scope of plaintiffs' discovery. See note 1 supra. On June 21, 1982, before defendants had responded to the interrogatories that were the subject of the unsuccessful motion to limit discovery, the court below issued an order "dismiss[ing] all claims predicated upon an unconstitutional taking of property" and granting summary judgment "on all claims predicated upon a political firing." [App. at 294]. See Sames v. Gable, 542 F.Supp. 51 (E.D.Pa.1982) (opinion below).

1. A recitation of the dates and docket entries of relevant activities in the district court is useful to an understanding of the issues in this appeal:

| DOCKET ENTRY | FILING DATE | DISTRICT COURT ACTIVITY |
|---|---|---|
| 1 | 3–18–82 | Complaint |
| 6 | 4–08–82 | Defendants' Motion to Dismiss |
| 9 | 4–15–82 | Defendants' First Set of Interrogatories |
| – | [served but not filed] | Plaintiffs' Interrogatories Addressed to Defendants |
| 15 | 5–10–82 | Defendants' Motion for an Order Limiting the Scope of Discovery |
| 19 | 5–19–82 | Deposition of Joseph S. Daddona filed |
| 20 | 5–19–82 | Deposition of Carson S. Gable filed |
| 21 | 5–21–82 | Defendants' Motion for an Order Compelling Discovery |
| 22 | 5–21–82 | Defendants' Motion for Summary Judgment |
| 24 | 5–28–82 | Plaintiffs' Answers to Defendants' First Set of Interrogatories |
| 25 | 6–03–82 | Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment |
| 26 | 6–03–82 | Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss |
| 32 | 6–07–82 | Order Denying Defendants' Motion for an Order Limiting the Scope of Discovery [15] |
| 33 | 6–07–82 | Order Compelling Plaintiffs to Respond to Defendants' Interrogatories [21] |
| 34 | 6–10–82 | Letter Withdrawing Defendants' Motion to Compel [21] [33] |
| 36 | 6–25–82 | Memorandum and Order Granting Motion to Dismiss and Motion for Summary Judgment |
| 38 | 7–08–82 | Plaintiffs' Motion for Reconsideration |
| 43 | 7–23–82 | Notice of Appeal |
| 47 | 9–17–82 | Order Denying Plaintiffs' Motion for Reconsideration |
| 48 | 6–28–83 | Motion to Vacate and Re-Enter Judgment |
| 58 | 12–27–83 | Memorandum and Order Vacating and Re-Entering Judgment |
| 60 | 1–12–84 | Plaintiffs' Notice of Appeal filed |
| 62 | 1–17–84 | Defendants' Notice of Cross-Appeal filed |

Plaintiffs assert on appeal that the district court incorrectly interpreted Pennsylvania law as it relates to their protected interest in the rank of sergeant, and that the district court abused its discretion in granting summary judgment, without a hearing, while discovery requests pertinent to the central issues of fact were outstanding. Because we agree that it was error to grant summary judgment in the posture of the case below, we will vacate the district court's entry of judgment and remand for further proceedings.[2]

## I.

■ In resolving a motion for summary judgment, the district court must determine "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment *as a matter of law.*" Fed.R.Civ.P. 56(c). (emphasis added). Thus, this court has plenary power to review the legal conclusions of the district court, applying the same test as did the court below in the first instance. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Where, however, a non-moving party urges the district court to forestall consideration of a summary judgment motion in order to facilitate discovery or to seek affidavits, Rule 56(f) of the Federal Rules of Civil Procedure affords the district court a

measure of discretion in determining whether the summary judgment motion is ripe for resolution. Fed.R.Civ.P. 56(f) ("the court *may* refuse the application for judgment or *may* order a continuance ... or *may* make such other order as is just." (emphasis added)); *see Kane Gas Light & Heating Co. v. Pennzoil Co.*, 95 F.R.D. 531, 532 (W.D.Pa.1982). Our review of such a determination is therefore more constrained.

This court has criticized the practice of granting summary judgment motions at a time when pertinent discovery requests remain unanswered by the moving party:

> [W]e have said where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course. *Ward v. United States*, 471 F.2d 667, 670–71 (3d Cir.1973).... [B]y acting on the motion for summary judgment without argument, and without reference to what might be developed in discovery, which was being diligently pursued, the court erred.

*Costlow v. United States*, 552 F.2d 560, 564 (3d Cir.1977).

■ In this case the district court granted summary judgment in spite of the fact that plaintiffs' interrogatories remained un-

**2.** On June 25, 1982 the district court entered judgment in favor of defendants on all claims. Plaintiffs served a timely motion for reconsideration pursuant to Fed.R.Civ.P. 59. During the pendency of that motion, plaintiffs filed a notice of appeal. The district court later denied plaintiffs' Rule 59 motion, in part because defendants urged that the lower court had been divested of jurisdiction by the filing of plaintiffs' notice of appeal.

Plaintiffs' original appeal was dismissed by this panel, following *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam) 716 F.2d 892. *Griggs* was decided by the Supreme Court after the date of the district court's denial of plaintiffs' Rule 59 motion in this case. Our dismissal of plaintiffs' original appeal was without prejudice to the filing of a motion in the district court, pursuant to Fed.R.Civ.P. 60(b), to vacate and re-enter its order of June 23, 1982. Plaintiffs timely filed such a motion, which was

granted by the district court. A new order granting judgment in favor of defendants on all claims was entered on December 23, 1983. 100 F.R.D. 749. This appeal was timely taken from that order.

Defendants have cross-appealed, contending that this court's decision in *West v. Keve*, 721 F.2d 91 (3d Cir.1983), precludes the use of Fed.R.Civ.P. 60(b) employed by the district court in this case. We note that the prior decision of this panel suggesting a motion under Rule 60(b) predated *West* and thus became the law of this case. Moreover, this case presents an additional "special circumstance" not present in *West. See id.* at 97. The court below was under the impression, erroneous in light of *Griggs*, that it had been divested of authority to decide plaintiffs' motion for reconsideration by the later filing of a notice of appeal. Accordingly, we find no error in the district court's decision to vacate and re-enter judgment, making possible this appeal.

answered by defendants. Indeed, the court had denied defendants' motion to limit the scope of those very discovery requests barely more than two weeks prior to the entry of judgment. Plaintiffs had alerted the court in their opposing memorandum that discovery was still underway. Further, the district court in this case, as in *Costlow*, granted defendants' motion without first scheduling a hearing. *See Season-All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S.*, 425 F.2d 34, 38–39 (3d Cir.1970) (undesirable in general to enter summary judgment without a hearing). We hold that it was error for the district court to grant defendants' motion for summary judgment while pertinent discovery requests were outstanding.[3]

## II.

Finally, we address the dismissal of plaintiffs' claims based on the absence of a hearing in connection with their demotions. Plaintiffs assert on appeal that due process requires a hearing whenever an expectancy of continued rank is spawned by the "common law" of the police force, or in situations where a demotion may seriously damage their reputations in the community. For these propositions they cite *Perry v. Sindermann*, 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972), and *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). In addition, plaintiffs continue to assert, based primarily on Pa.Stat.Ann. tit. 53, §§ 53270, 53271 (Purdon 1957), that Pennsylvania law affords them a protected interest in their sergeant stripes, enforceable through state law or the due process clause of the federal Constitution. The district court dismissed that claim as a matter of law.

Defendants assert on appeal that plaintiffs' complaint does not adequately plead a claim based on *Perry* or *Roth*. Because we will remand this case to the district court for further proceedings in connection with plaintiffs' allegations of politically motivated demotions, we need not resolve these issues here.

■ We decline to resolve the legal issue raised by sections 53270 and 53271 of Title 53. We note that a federal court should not prematurely decide state law issues in a case, whether under principles of pendent jurisdiction or in connection with claims of deprivation of state-created interests in violation of the federal Constitution. *See Pennhurst State School & Hospital v. Halderman*, —— U.S. ——, ——, 104 S.Ct. 900, 920 n. 32, 79 L.Ed.2d 67 (1984) ("the federal court's construction [of state law] often is uncertain and ephemeral."). The district court therefore remains free to reconsider its legal holding on this issue and to revise that holding "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b). We express no view as to the merits of plaintiffs' contentions.

## III.

Accordingly, for the reasons set forth above, the order of the district court granting defendants' motion to dismiss and motion for summary judgment will be vacated, and the case will be remanded for proceedings consistent with this opinion. All parties shall bear their own costs, and the costs of the Appendix shall be charged to appellants.

---

**3.** We note, however, that plaintiffs themselves are largely responsible for the district court's premature grant of summary judgment. Unlike plaintiff in *Costlow*, plaintiffs in this case failed to request a continuance of defendants' motion specifically and failed to identify specific outstanding discovery requests that were vital to the prosecution of their claims. *See* Fed.R. Civ.P. 56(f). We do not deem plaintiffs' failings to be sufficiently egregious to warrant a nonmerits resolution of their claims. However, because plaintiffs share some responsibility for necessitating this appeal, we will require them to bear their own costs. Moreover, nothing in this opinion should be construed to preclude a grant of summary judgment if plaintiffs fail to come forward with a triable issue of fact at the conclusion of discovery.