ALLEN N. BRUNWASSER AND BEVERLY R. BRUNWASSER, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brunwasser v. Commissioner
Docket No. 27166-82.
United States Tax Court
T.C. Memo 1986-196; 1986 Tax Ct. Memo LEXIS 412; 51 T.C.M. (CCH) 1011; T.C.M. (RIA) 86196; May 15, 1986
Allen N. Brunwasser, pro se. Edward J. Laubach, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Hu S. Vandervort pursuant to section 7456 and Rules 180 and 181. [1] The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL *414 JUDGE VANDERVORT, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment and to Award Damages Under I.R.C. Section 6673, filed May 16, 1985. [2]
In the notice of deficiency issued to petitioners on August 16, 1982, the Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1978 *415 in the amount of $1,864.22. The issues raised by respondent's motion are: (1) whether the statute of limitations on assessment expired prior to the issuance of the notice of deficiency for taxable year 1978; (2) whether there exists a deficiency in petitioners' 1978 Federal income taxes; and, (3) whether damages should be awarded to the United States pursuant to section 6673. Petitioners filed their calendar year 1978 Federal income tax return on August 27, 1979, after receiving an extension of time to file such return to September 15, 1979. Petitioner Allen N. Brunwasser (Allen) signed the return on August 15, 1979 and petitioner Beverly Brunwasser (Beverly) signed the return on August 19, 1979. Petitioners' 1978 Federal income tax return reflected a tax liability of $65,140.70. In arriving at this figure, petitioners chose not to itemize deductions, instead claiming the zero bracket amount as their deduction. The instructions on Form 1040 for 1978 stated that taxpayers who donot itemize deductions shall enter 0 on line 33 of Form 1040. Contrary to these instructions, petitioners entered $3,200 (the zero bracket amount for married couples filing a joint return pursuant *416 to section 63(d)(1)(A), as in effect for taxable year 1978) on line 33. Petitioners then used Schedule TC to calculate the tax due. However, the Schedule TC tables incorporate the $3,200 zero bracket amount deduction. Thus, in effect, petitioners deducted the zero bracket amount twice on their 1978 Form 1040. On October 15, 1979, the Commissioner made a section 6213(b)(1) assessment of tax due and owing from petitioners for 1978 based upon the alleged mathematical or clerical error. [3] Thereafter, a bill was sent to petitioners requesting payment of $4,167.53. This figure was based upon petitioners' alleged mathematical or clerical error concerning the double deduction ($1,864.22), petitioners' failure to pay estimated taxes ($1,804.96) and the interest due upon these amounts ($498.35). [4] After receiving the bill for the additional tax, penalty and interest petitioners questioned the reason for such an assessment. The Commissioner treated petitioners' inquiry as a request for abatement of an assessment arising out of a mathematical or clerical error and abated the assessment pursuant to section 6213(b)(2)(A). *417 Subsequent to the section 6213(b)(2) abatement, respondent conducted an audit of petitioners' 1978 income tax return. Respondent and petitioners reached an agreement with respect to the audit adjustments and petitioners paid the resulting deficiency. However, during the audit, no action was taken with respect to the double deduction that was the subject of the section 6213(b)(1) mathematical error assessment. Thereafter, on August 16, 1982, respondent issued a notice of deficiency based upon petitioners' claimed double deduction on their 1978 Federal income tax return. Petitioners filed a timely petition and subsequently respondent filed the motion now before the Court. On July 11, 1985, at a special trial session of the Court, in Pittsburgh, Pennsylvania, the parties were given a chance to present oral argument regarding respondent's motion. However, there was no appearance by or on behalf of petitioners. [5]
*418 Rule 121(b) states that a decision on a motion for summary judgment shall be rendered "if the pleadings, * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Thus, in deciding a motion for summary judgment we must clearly determine that there are no issues of material fact in dispute. Season-All Industries, Inc. v. Turkiye,, 425 F.2d 34 (3rd Cir. 1970); Gulfstream Land & Development Corp. v. Commissioner,71 T.C. 587 (1979). The burden of demonstrating that there is no genuine issue of material fact is upon the moving party. Adickesv. Kress & Co.,398 U.S. 144, 157 (1970); Graf v. Commissioner,80 T.C. 944, 946 (1983); Jacklin v. Commissioner,79 T.C. 340, 344 (1982). Petitioners argue that this case should not be disposed of on a motion for summary judgment because discovery has not yet been completed. Clearly, a motion for summary judgment should not be granted if a pertinent discovery request is outstanding. Sames v. Gable,732 F.2d 49 (3rd Cir. 1984). *419 However, we do not find this to be the case. Petitioner submitted an application to take depositions of three present or former Internal Revenue Service employees. Respondent opposed petitioners' application. No action was taken by the Court with respect to petitioners' application because it did not conform to the Rules of this Court. See Rules 70, 74 and 75. The taking of depositions for discovery purposes is not available under the Tax Court Rules of Practice and Procedure except to the limited extent provided in Rules 74 and 75. Rule 70(a). Rule 74 allows depositions to be taken in a pending case of a party, or non-party witness only upon the consent of all parties to the case. Rule 75 is an extraordinary method of discovery where a non-party may be deposed without the consent of the parties in the case. Petitioners have not shown that they should have been allowed to take depositions under either of these Rules. Petitioners could have subpoenaed the individuals they desired to depose to secure their testimony at the hearing on respondent's motion. Not only did petitioners fail to avail themselves of this preferable alternative to taking depositions, petitioners themselves *420 did not appear at the hearing. The Rules of this Court exist to assist those appearing before this Court prepare and present their case: they are meant to be followed. Petitioner - Allen, a capable attorney, has made no demonstrable attempt to abide by the rules of this Court. Despite petitioners' argument to the contrary, no discovery is currently pending in this case. [6] Therefore, we find this case to be properly before the Court on a motion for summary judgment. Petitioners argue that the statute of limitations expired prior to August 16, 1982, the date on which the Commissioner's statutory notice of deficiency was mailed to petitioners. Based on the record in this case, we cannot agree with petitioners. *421 In every aspect, we find that the notice of deficiency was proper and timely. Pursuant to section 6501(a) the period for making a timely assessment is "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed [for filing])." When a tax return is received by the Internal Revenue Service within the period for which an extension of time to file is in effect, the date of filing is the date the return is received. First Charter Financial Corp. v. United States,669 F.2d 1342 (9th Cir. 1982); Pace Oil Company v. Commissioner,73 T.C. 249 (1979). Petitioners' 1978 Federal income tax return was received on August 27, 1979 pursuant to an extension to file up to September 15, 1979. The statute of limitations would run three years from August 27, 1979, on August 27, 1982. The notice of deficiency was mailed to petitioners on August 16, 1982, well within the three year period provided by section 6501(a). Therefore, the statute of limitations had not expired prior to the issuance of the notice of deficiency to petitioners. Petitioners make an additional attack on the validity of the notice of deficiency *422 as to Beverly alleging that it was not sent to her last known address. An examination of the notice of deficiency discloses that it was sent to Beverly at the address shown on petitioners' 1978 Federal income tax return. However, even assuming that the statutory notice of deficiency was not mailed to Beverly's last known address, we find the notice of deficiency valid as to Beverly. A notice of deficiency is valid even though there are errors in the mailing address if there is a timely filed petition with this Court and, if the taxpayer suffered no damage as the result of the errors. Clodfelter v. Commissioner,527 F.2d 754 (9th Cir. 1975); cert. denied 425 U.S. 979 (1976), affg. 57 T.C. 102 (1971); Berger v. Commissioner,404 F.2d 668 (3rd Cir. 1968), cert. denied 395 U.S. 905 (1969), affg. 48 T.C. 848 (1967); Zaun v. Commissioner,62 T.C. 278 (1974); Brzezinski v. Commissioner,23 T.C. 192 (1954). In the present case, Beverly received the notice of deficiency in time to file a petition in this Court. She has suffered no damage. Therefore, the notice of deficiency *423 is timely and valid as to both Beverly and Allen. The second issue we must address is whether there exists a deficiency in petitioners' 1978 Federal income taxes. It is respondent's position that petitioners took a double deduction on their 1978 Federal income tax return, resulting in a deficiency for the 1978 taxable year. We agree. On their 1978 Federal income tax return, petitioners did not itemize their expenses. Therefore, they were not entitled to enter any figure other than zero, on line 33 of Form 1040. However, petitioners entered $3,200 in line 33. Next, they calculated their tax according to Schedule TC which already incorporates the zero bracket amount of $3,200. In effect, petitioners took a double deduction. Petitioners do not deny the presence of a double deduction on their 1978 Federal income tax return. Instead, petitioners contend that this double deduction should have been considered at the time of the audit and settlement. Therefore, petitioners conclude that the notice of deficiency is invalid. In essence, petitioners ask us to look behind the notice of deficiency. However, this is contrary to the general rule that the notice of deficiency is presumed *424 correct, Welch v. Helvering,290 U.S. 111 (1933), and we will not look behind it. Riland v. Commissioner,79 T.C. 185 (1982); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324 (1974). See also Rule 142. This result would obtain even where the record discloses procedural irregularities behind the issuance of the notice of deficiency, Cataldo v. Commissioner,499 F.2d 550 (2d Cir. 1974), affg. per curiam 60 T.C. 522 (1973); Rosenberg v. Commissioner,450 F.2d 529 (10th Cir. 1971), affg. T.C. Memo. 1970-201. [7]
*425 We have not been presented with evidence of any procedural irregularities in this case. Petitioners asked that the section 6213(b)(1) assessment, made as the result of the alleged mathematical error, be abated. Respondent abated the assessment and is now clearly within the guidelines of section 6213 in issuing a timely notice of deficiency with respect to the double deduction. The record in this case clearly reflects that petitioners took a double deduction on their 1978 Federal income tax return. The taking of a double deduction resulted in an underpayment of tax for which petitioners are now liable. Last, we must consider respondent's request that the Court award damages to the United States pursuant to section 6673. Section 6673 provides that damages not in excess of $5,000 may be awarded to the United States "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless * * *." During the pendency of this case petitioners have presented a plethora of defective arguments. Petitioner - Allen is an attorney who has apparently *426 neither bothered to read the rules of this Court nor undertaken any research on the issues in this case. [8] Petitioners have two other cases pending before this Court; cases in which arguments are raised having little or no merit in Federal tax law. Petitioners are cautioned that if they continue to advance the same or similar arguments in future cases, this Court will award damages to the United States in accordance with section 6673. Respondent's motion for summary *427 judgment shall be granted to the extent of the first two issues before us and will be denied insofar as it seeks an award of damages pursuant to section 6673. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise stated.↩
2. This docket, No. 27166-82, is one of the three dockets pending before the Court involving the same taxpayers and similar issues. All three dockets, No. 27166-82, No. 34386-84 and No. 18193-82, are the subject to substantially similar motions for summary judgment filed by respondent on May 16, 1985. Respondent previously filed motions for summary judgment in the cases at docket Nos. 18193-82 and 27166-82 on September 17, 1984. The Court conducted a hearing on these motions in Pittsburgh, Pennsylvania before the Honorable Charles E. Clapp II on November 26, 1984. However, before the conclusion of this hearing Judge Clapp↩ recused himself. The hearing was concluded and respondent's motions were denied without prejudice. On May 16, 1985 respondent filed the motion currently before the Court.
3. Section 6213(b) permits the Commissioner of Internal Revenue to make an immediate assessment with respect to mathematical or clerical errors. However, section 6213(b)(2) provides for the abatement of an assessment of mathematical or clerical errors if the taxpayer files with the Secretary, within 60 days after notice is sent, a request for the abatement of any assessment due to mathematical or clerical error. ↩
4. It is the Court's understanding that petitioners have filed an action in the United States District Court for the Western District of Pennsylvania with regard to the addition to tax for failure to pay estimated taxes.↩
5. Petitioners were notified of the date, place and time of the hearing by an order of the Court. Petitioners transmitted an appeal to the United States Court of Appeals for the Third Circuit by mailing it to the United States Tax Court in Washington, D.C. Since this was an interlocutory appeal, the appeal was returned to petitioners. See section 7483; Rule 190. In a letter accompanying the returned document, it was explained to petitioners that an appeal at this time was premature as no decision had yet been entered by the Court in this case. Petitioner, Allen Brunwasser, was advised by telephone on the day before the date of the hearing that the hearing would proceed as scheduled. Petitioners chose not to attend and were not represented at the hearing.↩
6. Assuming arguendo that a valid application to take depositions was pending in this Court, such request for discovery must be pertinent to the particular case. Petitioners desire to take the depositions of the Pittsburgh District Counsel of the Internal Revenues Service and two, either present or former, employees of the Internal Revenue Service. In light of the issues in this case, the deposition of these individuals would not lead petitioners to any relevant evidence.↩
7. "Except in very limited circumstances involving allegations of extraordinary misconduct, this Court has consistently refused to look behind a deficiency notice to examine respondent's motives for the administrative policy or procedure involved in making the determinations." Estate of Brimm v. Commissioner,70 T.C. 15, 22 (1978); Graham v. Commissioner,82 T.C. 299, 308 (1984), affd. 770 F.2d 381 (3rd Cir. 1985); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327-329 (1974). "This Court has repeatedly held that it will generally not look behind the notice of deficiency to examine the evidence used or the propriety of respondent's motives or his administrative policy or procedure in making his determinations." Estate of Smith v. Commissioner,57 T.C. 650 (1972). "The underlying rationale for this rule is that a trial before the Tax Court is a proceeding denovo; our determination as to petitioner's tax liability must be based upon the merits of the case and not upon events preceding the trial of the case." Singleton v. Commissioner,T.C. Memo. 1977-98↩. Therefore, whether or not respondent's agents settle a matter at the audit state or merely allege a deficiency and send the notice of deficiency is immaterial to the disposition of the case before this Court. Once the petitioner receives a timely notice of deficiency, he is afforded the opportunity to adjudicate the issue of the deficiency in a hearing before this Court.
8. For example, petitioners ask us to transfer this case to district court, to be joined with another tax matter pending in the United States District Court for the Western District of Pennsylvania. Clearly, we cannot divest ourselves of jurisdiction over a case once it has been properly invoked. Section 6512. We might add that our jurisdiction has been invoked by affirmative action of the petitioners themselves. See Bowser v. Commissioner, an unreported case (3rd Cir. 1977), 40 AFTR 2d 77-5531, 78-1U.S.T.C. par. 9102; Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972); United States v. Wolf,238 F.2d 447↩ (9th Cir. 1956).