**Laurel MOGYROSSY, et al.,**

v.

**COMFORT INN, et al.**

**Civil Action No. 96–0973.**

United States District Court,
E.D. Pennsylvania.

May 7, 1997.

Wayne A. Ely, Kreithen, Baron, Villari & Golomb, Philadelphia, PA, for Plaintiffs.

John S. Harrison, Bethlehem, PA, for Defendants.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court is the Defendants' Motion to Dismiss the Plaintiffs' Amended Complaint and for Summary Judgment (Docket No. 6) and the Plaintiffs' response thereto.

### I. BACKGROUND

The plaintiffs in this case, Laurel Mogyrossy and Laura Egan, were hired in 1993 to work at the Comfort Inn Motel at 3660 Street Road, Bensalem, Pennsylvania. Plaintiff Mogyrossy worked at the motel as a desk clerk and a sales representative, while plaintiff Egan worked as a bookkeeper. (Am.Compl., at ¶¶ 17–18.) Both of these employees were under the supervision of defendant Lou Serafine, the motel's general manager. (*Id.*) Plaintiff Mogyrossy alleges that defendant Serafine "subjected [her] to numerous unwelcome and unsolicited comments and actions, including comments regarding [her] weight, pregnancy, and physical appearance." (*Id.* at ¶ 20.) In addition, she alleges that defendant Serafine made her frequently hug him, and unjustifiably denied her a Christmas bonus. (*Id.*) Plaintiff Egan alleges that defendant Serafine behaved in a similar manner towards her. (*Id.* at ¶ 21.) She claims that during her employment at the motel, the defendant general manager "subjected [her] to numerous unwelcome and unsolicited comments and actions, including comments regarding [her] personal life, physical appearance, and contact with members of the opposite sex." (*Id.*) In addition, she alleges that defendant Serafine required her to kiss him on the cheek. (*Id.*) Both plaintiffs maintain that they complained of defendant Serafine's behavior to Eileen

Walker, the Human Resources Manager, but that no action was taken. (Compl. at 26.) In fact, both plaintiffs assert that the only action which did occur was that they both lost their jobs.[1] (*Id.* at ¶¶ 24–25.)

To redress these alleged wrongs, the plaintiffs filed suit against the defendants[2] on February 8, 1997, and then amended their complaint on May 24, 1996. In this amended complaint, the plaintiffs allege that the defendants created a hostile work environment characterized by sexual harassment in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e, *et seq.* (1994), and the Pennsylvania Human Relations Act, 43 Pa. Cons.Stat. §§ 951–963 (West 1991 & Supp.1996). (Am. Compl., at ¶¶ 31–32.) They also allege that some or all of the defendants' actions constitute assault and battery (Count II), breach of contract (Count III), intentional/negligent infliction of emotional distress (Count IV), and negligence (Count V).[3]

On June 18, 1997, the defendants filed the instant motion to dismiss the plaintiffs' amended complaint and for summary judgment.

## II. *DISCUSSION*

### A. *Motion to Dismiss under Rule 12(b)(6)*

Federal Rule of Civil Procedure 8(a) requires that a plaintiffs' complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.R.Civ.P. 8(a)(2). Accordingly, the plaintiff does not have to "set out *in detail* the

facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (emphasis added). In other words, the plaintiff need only to "give the defendant *fair notice* of what the plaintiffs' claim is and the grounds upon which it rests." *Id.* (emphasis added).

When considering a motion to dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12 (b)(6),[4] the Court is permitted to consider only the pleadings and matters of public record. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 (1990) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."). *See also Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir.1988). In addition, any written instrument attached to a pleading becomes a part of that pleading and may be considered when deciding a motion to dismiss. Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Rose v. Bartle,* 871 F.2d 331, 339–40 n. 3 (3d Cir.1989). On the other hand, if,

> matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all ma-

---

1. Plaintiff Mogyrossy claims that she did not return to work after her maternity leave because of her treatment by the defendants, and that she was constructively discharged from her employment. (Am. Compl., at ¶ 24.) Plaintiff Egan, on the other hand, was formally discharged from her employment on January 16, 1995. (Id. at ¶ 25.)

2. In addition to Louis Serafine, the defendants in this action include Comfort Inn, Bensalem Motel Limited Partnership, Comfort Inn of Bensalem Company, Ellis Management Corporation, and Robert G. Ciccone.

3. The plaintiffs have withdrawn the Title VII claim of Count I against defendant Serafine in light of the United States Court of Appeals' deci-

sion in *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061 (3d Cir.1996) (en banc), *petition for cert. filed,* 65 USLW 3571 (Feb. 3, 1997). (Letter from Wayne A. Ely to Court of 2/4/97, at 1.) They have also withdrawn the PHRA claim (Count I), the breach of contract claim (Count III), and the negligent infliction of emotional distress claim (Count IV). (Pl.'s Resp., at 5, 24.)

4. Rule 12(b)(6) provides that:

Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is require, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted. . . .
Fed.R.Civ.P. 12(b)(6).

terial made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b).

■ If the Court determines that conversion of a motion to dismiss to one for summary judgment is appropriate, the parties must be given notice of such conversion and the opportunity to present materials in support and opposition thereto. *Hilfirty v. Shipman,* 91 F.3d 573, 578 (3d Cir.1996); *Rose,* 871 F.2d at 340. The United States Court of Appeals for the Third Circuit has read Rule 56(c) to require that the parties be provided at least ten days to file material in support and opposition to the converted motion for summary judgment. *Rose,* 871 F.2d at 340.

In this case, the defendants have filed a motion to dismiss the plaintiffs' complaint and for summary judgment. To support their motion, the defendants have attached to their motion affidavits, copies of the plaintiffs' Equal Employment Opportunity Commission ("EEOC") Charge and Affidavits, and a copy of the Comfort Inn Personal Policy Handbook. Because the defendants request that the Court consider information outside of the pleadings, this Court concludes that the defendants' motion to dismiss must be converted into a motion for summary judgment.

### B. *Motion for Summary Judgment*

The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the movant adequately supports its motion pursuant to Rule

56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993). Moreover, a court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment, even if the quantity of the moving party's evidence far outweighs that of its opponent. *Id.* Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. *Trap Rock Indus., Inc. v. Local 825,* 982 F.2d 884, 890 (3d Cir.1992).

The Court, however, may deny summary judgment if the motion is premature. *Anderson,* 477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5. Because a plaintiff should not be " 'railroaded' by a premature motion for summary judgment," the United States Supreme Court has held that a district court must apply Federal Rule of Civil Procedure Rule 56(f) if the opposing party has not made full discovery. *Celotex,* 477 U.S. at 326, 106 S.Ct. at 2554. Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court *may* refuse the application for judgment or *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or *may* make such other order as is just.

Fed.R.Civ.P. 56(f) (emphasis added). Thus, the district court is empowered with discretion to decide whether the movant's motion is

ripe and thus determine whether to delay action on a motion for summary judgment. *St. Surin v. Virgin Islands Daily News, Inc.,* 21 F.3d 1309, 1313 (3d Cir.1994); *Sames v. Gable,* 732 F.2d 49, 51 (3d Cir.1984).

In order to preserve the issue for appeal, Rule 56(f) requires the opposing party to a motion for summary judgment to file an affidavit outlining the reasons for the party's opposition. *See St. Surin,* 21 F.3d at 1313; *Galgay v. Gil–Pre Corp.,* 864 F.2d 1018, 1020 n. 3 (3d Cir.1988); *Dowling v. City of Philadelphia,* 855 F.2d 136, 139–40 (3d Cir.1988). The United States Court of Appeals for the Third Circuit has consistently emphasized the desirability of full technical compliance with the affidavit requirement of Rule 56(f). *See St. Surin,* 21 F.3d at 1314; *Radich v. Goode,* 886 F.2d 1391, 1393–95 (3d Cir.1989); *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir.1989); *Dowling,* 855 F.2d at 139–40. *But see Sames,* 732 F.2d at 52 n. 3 (finding opposing party's failure to strictly comply with Rule 56(f) not "sufficiently egregious" to warrant granting summary judgment).[5] Nevertheless, failure to support a Rule 56(f) motion by affidavit is not automatically fatal to its consideration. *St. Surin,* 21 F.3d at 1314. The Third Circuit has stated that if a Rule 56(f) motion does not meet the affidavit requirement, the opposing party "must still 'identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Id.* (quoting *Lunderstadt,* 885 F.2d at 71). The opposing party, however, must be specific and provide all three types of information required. *See, e.g., Radich,* 886 F.2d at 1394–95 (affirming district court's grant of summary judgment when opposing party only identified several unanswered interrogatories and failed to file affidavit, identify how unanswered interrogatories would preclude summary judgment, or identify information sought).

In the present matter, the plaintiffs argue that summary judgment is premature because discovery is not yet complete. (Pl.'s Resp. at 2.) They have not filed a Rule 56(f) affidavit, and therefore have failed to comply with the Third Circuit's mandate of strict compliance with the affidavit rule. Nevertheless, they specifically state in their memorandum of law that because discovery is not complete, they may not be able to "supply the Court with evidence to contradict several of the factual assertions made by Defendants in their Motion for Summary Judgment and supporting a affidavits, particularly those regarding the status of several of the business entities named as Defendants...." (*Id.*) This information, they argue, is essential for determining whether summary judgment is appropriate, because it will allows the Court to ascertain which defendants employed Defendant Serafine and are responsible for the plaintiffs' injuries.[6] (*Id.* at 3.) Therefore, the plaintiffs request that the Court deny the defendants' motion so that the plaintiffs may obtain discovery on the financial status of the respective defendants, something about which they have minimal or no information. (*Id.*)

■ After reviewing the parties' pleadings, motions, and briefs, this Court finds that even though the plaintiffs have not filed an affidavit, they have identified information

---

**5.** Some federal circuit courts of appeals have liberally applied the affidavit requirement of Rule 56(f). *See, e.g., International Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257, 1267 (5th Cir.1991) (requiring only statement of party's need for additional discovery), *cert. denied,* 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

**6.** The plaintiffs support this assertion by noting that, in their memorandum,

> Defendants assert that "Comfort Inn of Bensalem Co." has changed its name to that of another Defendant named herein, "Bensalem Motor Limited Partnership," and that there is therefore no need to maintain Comfort Inn of Bensalem Co. as a Defendant when Defendants

have admitted Bensalem Motor Limited Partnership owns the hotel known as Comfort Inn of Bensalem. However, Plaintiffs are not in a position to contradict this assertion, and have been able to meet it only by supplying the Court with a copy of a certificate from the Pennsylvania Secretary of State demonstrating that Comfort Inn of Bensalem Co. is still a subsisting business entity so far as the official records of the Commonwealth of Pennsylvania show. *Questions such as the one outlined above may not be capable of full and clear resolution until some discovery has taken place in this matter.*

(Pl.'s Resp., at 2 n. 2.)

that has yet to be discovered, shown that this information will affect summary judgment, and shown why the discovery has not previously been obtained. *See St. Surin,* 21 F.3d at 1314 (quoting *Lunderstadt,* 885 F.2d at 71). In addition, this Court is required to give a party opposing a motion for summary judgment adequate time for discovery. *Dowling,* 855 F.2d at 139 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). Therefore, because Rule 56(f) grants the district court discretion to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just," the defendant's Motion for Summary Judgment is hereby denied with leave to renew following the close of discovery.

An appropriate Order follows.

### ORDER

AND NOW, this 6th day of May, 1997, upon consideration of the Defendants' Motion to Dismiss the Plaintiffs' Amended Complaint and for Summary Judgment (Docket No. 6), IT IS HEREBY ORDERED that the Defendants' Motion is **DENIED WITH LEAVE TO RENEW.**