NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4479
_____

MARC N. COOPER, DDS,

                                    Appellant

v.

ALLIANCE ORAL SURGERY, LLC; LINCROFT ORAL &
MAXILLOFACIAL SURGERY 401(K) PLAN 16-562923;
JOHN FRATTELLONE, individually and as Trustee; SHARI KENT, Trustee
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 3-13-cv-01126
District Judge: Honorable Anne E. Thompson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 18, 2014

Before: SMITH, HARDIMAN, and BARRY, *Circuit Judges*

(Filed: December 9, 2014)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

The allegations in this case are that of a textbook breach of contract claim. Plaintiff alleged that: (i) pursuant to an employment agreement, Defendants were to enroll him in a retirement plan; (ii) Plaintiff did the work required of him under the agreement; and (iii) Defendants failed to properly enroll him. We will affirm the District Court's grant of summary judgment for Defendants on all claims.

## I.

The District Court properly held that Plaintiff's state-law claims based on failure to enroll a beneficiary are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") because they "relate to" an employee benefit plan.[1] *See* 29 U.S.C. § 1144(a); *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 45-46 (1st Cir. 2000); *cf. Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 295-96 (3d Cir. 2014) (contract and related claims about "benefits owed" under ERISA plans were "expressly preempted").

## II.

In addition to his preempted state-law claims, Plaintiff also alleged that Defendants' conduct violated ERISA. Without reaching the merits, the District Court granted summary judgment to Defendants on the grounds that Plaintiff failed to exhaust his administrative appeals and that such failure was not excused on

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C § 1132(e)(1); we have jurisdiction pursuant to 28 U.S.C. § 1291.

account of futility. The District Court properly considered the applicable five-factor test for futility from *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002), examined the facts in the light most favorable to Plaintiff and found that no factors weighed in Plaintiff's favor. Plaintiff's unsupported assertions do not rise to the level of the "clear and positive showing of futility," required under *Harrow*, and the District Court did not abuse its discretion in so concluding.[2] *Id.* at 249.

Plaintiff also maintains that the exhaustion requirement does not apply at all to the extent that he is alleging a breach of fiduciary duty. But "[p]laintiffs cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims." *Harrow*, 279 F.3d at 253.

## III.

Plaintiff argues that the District Court should not have granted summary judgment on the futility issue without allowing him an opportunity to take discovery. But Plaintiff did not follow the requirements of Federal Rule of Civil Procedure 56(d)[3] in form, substance or spirit, and no discovery was outstanding at

---

[2] Although "[w]e review de novo the applicability of exhaustion principles, because it is a question of law[, w]hen the District Court declines to grant an exception to the application of exhaustion principles, we review for abuse of discretion." *Id.* at 248. (internal citations omitted).

[3] "When a party opposing summary judgment believes that s/he needs additional time for discovery, Rule 56(d) specifies the procedure to be followed. . . . [A] party

the time of the District Court's grant of summary judgment. Accordingly, Plaintiff is not entitled to relief. *Cf. Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984) (vacating grant of summary judgment where the district court knew that "discovery requests pertinent to the central issues of fact were outstanding").

## IV.

Having considered the remainder of Plaintiff's arguments and concluded that they are without merit, we will affirm the District Court's grant of summary judgment for Defendants.

---

seeking further discovery in response to a summary judgment motion [must] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (internal citations, quotations and brackets omitted).